### THE STATE v. POTTERFIELD.

DISPENSARY LAW.—Sec. 1 of the Dispensary Act of 1895 is constitutional,
and since the defendant was convicted under sec. 1, it is unnecessary,
so far as this case is concerned, to consider if other sections of the
act are unconstitutional, or are contrary to the provisions of the U.
S. Constitution, or to the provisions of Magna Charta.

Before EARLE, J., Newberry, November, 1895.   Affirmed.

The defendant, Robert W. Potterfield, was convicted of
selling liquor without a license, and sentenced to pay a fine
of $100, or to three months imprisonment.   From this judg-
ment the defendant appeals.

*Messrs. M. A. Carlisle* and *Sampson Pope*, for appellant,
cite: Const. 1868, art. 3, sec. 3; Dispensary Act of 1894;
Bac. Ab., vol. 7, pp. 231, 326; sec. 8, art. 1, Const. U. S.;
Gibbons v. Ogden, 9 Wheaton, p. 182, *et seq.;* W. U. T. Co.
v. Pendleton, 122 U. S., pp. 347, 359; N. O. Gas Light Co.
v. La. Light & Power Co., 115 U. S., 660, 661; Leisy v.
Hardin, 135 U. S.; Brennan v. City of Titusville, Sup. Ct.
Rep., pp. 831–4 (154 U. S.); Lewis on Em. Dom., sec. 6;
N. O. Water Works Co. v. St. Tammany Water Works Co.,
14 Fed. Rep., 194, affirmed 120 U. S., p. 64; Welton v. Mis-
souri, 91 U. S., 275; Walling v. Michigan, 116 U. S., 446;
Bowman v. R. R. Co., 125 U. S., 465; State v. Gilman, 33
W. Va., 146; Black on Alcoholic Liquors, p. 40; Powers v.
Comm. (Ky.), 13 S. E. Rep., 450; Allenburg v. Comm., 126
Pa., 602; People v. Hung, 68 Mich., 549; 37 N. W. Rep.,
21; Brown v. Maryland, 12 Wheaton, p. 419; McCullough
v. Maryland, 4 Wheaton; sec. 4 of art. 1, Const. U. S.; sec.
10 of art. 4, Const. U. S.; art. 6, Const. U. S.; art. 14, amend.
Const. U. S.; first ten amendments to Const. U. S.; Mugler
v. Kansas, 123 U. S., pp. 661–3; Barbier v. Connolly, 113
U. S., 27; The Spies (anarchist) cases, 123 U. S., p. 131;
Preamble to Fed. Const.; sec. 4, art. 4, Const. U. S.; Bac.
Ab., vol. 7, p. 22, *et seq.;* Monopolies Case, 11 Coke, 85;

Blackstone's Comm., 2 vol., book 4, pp. 118, 119; Norwich Gas Light Co. v. Norwich City Gas Light Co., 25 Conn., p. 15; City of Chicago v. Rumpf, 45 Ill., 90; Mayor of the City of Hudson v. Thorne, 7 Paige, 261.

*Solicitor Schumpert*, contra, filed no argument.

July 11, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appellant, Robert W. Potterfield, at the November term, 1895, of the Court of General Sessions for Newberry County, was indicted for selling intoxicating liquors without a license. On the call of the case, defendant's counsel moved to quash the indictment, on the grounds (1) that "said indictment is based upon the dispensary law, approved January 2d, 1895, and the said law is contrary to the provisions of the Constitution of the State of South Carolina;" (2) "said law is in conflict with the Constitution of the United States;" (3) that "said law is contrary to the principles of Magna Charta, and of the common law of England in force in this State before the adoption of a Constitution." The motion to quash was overruled. The trial then proceeded, and defendant was found guilty and sentenced. He now appeals, and alleges error in the Circuit Court in refusing to quash the indictment on the grounds above stated.

It is sufficient for this case to say, that section 1 of the dispensary act of January 2d, 1895, prohibits, under penalty, the sale of intoxicating liquors in this State by any person, except as permitted by said act, and that the constitutionality of such prohibitory legislation is beyond question. In *State ex rel. Hoover* v. *Chester*, 39 S. C., 318, having under consideration the dispensary act of 1892, this Court was unanimous in reaching the conclusion, "that the said act, being in effect an act to regulate the sale of spirituous liquors, the power to do which is universally recognized, it is quite clear that there is nothing unconstitutional in forbidding the granting of licenses to sell liquors, except in the manner prescribed by the act." Likewise, in this

case, we hold that there is nothing unconstitutional in the dispensary act of January 2d, 1895, in forbidding, under penalty, the sale of intoxicating liquors, except as prescribed in the act. See, also, *State* v. *Aiken*, 42 S. C., 222. This being so, it follows, as a matter of course, that there was no error in the Circuit Court in refusing to quash the indictment; and it would be improper and useless to proceed to consider whether any other section of the act conflicts with any provision of the State or United States Constitution; improper, because the exceptions are entirely too general to warrant so extensive a range of investigation; and useless, because if so much of the act as forbids the sale of intoxicating liquors, for which offense the defendant is indicted, violates no constitutional provision, it is irrelevant to ascertain if some other section, which does not concern this case, and upon which section 1 in no wise depends, is or is not constitutional. For example, it is argued that the dispensary act of 1895 is unconstitutional because section 2 of said act, making the Governor a member *ex officio* of the State board of control, violates article 3, section 3, Constitution of 1868, which provides that "no person while Governor shall hold any other office or commission (except in the militia) under this State, or any other power, at one and the same time." Now, while it is clear that membership by the Governor *ex officio* of a board created to carry out the provisions of an act of the Legislature is not a holding of any *other* office or commission, in the sense of the Constitution, since he performs the duties assigned him as a member of the board by virtue of his office as Governor, yet, even if we admitted that the Governor was disqualified to act, that fact would not destroy the board of which he was attempted to be made a member, nor would the destruction of the entire board, or the elimination of section 2, which provides for such board, in any wise affect the provision of the act forbidding and punishing the sale of intoxicating liquors without a license or permit, as provided in the act. So with other points made

in the argument in behalf of appellant, that the dispensary act of 1895 is unconstitutional because not a valid police law, because the State cannot engage in business for profit, because the act creates a monopoly for the State, because it violates the interstate commerce clause of the United States Constitution and acts of Congress thereunder, because it violates the fourteenth amendment of the United States Constitution, &c. They do not affect the only question now properly before this Court, viz: whether the indictment for selling intoxicating liquors without a license or permit can be maintained under the dispensary act in question. See, however, *State* v. *Aiken*, 42 S. C., 222, where all these questions were considered in reference to the dispensary act of 1893, and decided against the contention of appellant.

The judgment of the Circuit Court is affirmed.